```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          PIKEVILLE DIVISION



IN RE:

GEORGE POTTER
PAMELA JEAN POTTER

DEBTORS                                         CASE NO. 07-70176
                                                CHAPTER 13


BEVERLY M. BURDEN, TRUSTEE                              PLAINTIFF


VS.                                             ADV. NO. 07-7040


BRANCH BANKING & TRUST COMPANY;
GEORGE POTTER AND PAMELA JEAN POTTER                    DEFENDANTS
```

**MEMORANDUM OPINION**

This matter is before the court on cross-Motions for Summary Judgment filed by the Trustee and Defendant Branch Banking & Trust Company ("BB&T"). The issue before the court is whether the Trustee may, as a bona fide purchaser, avoid a mortgage in favor of BB&T because it fails to state the maturity date of the obligation it secures. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(K). For reasons set out below, the court will sustain the Trustee's Motion for Summary Judgment and overrule BB&T's Motion for Summary Judgment.

1. <u>Factual and procedural history</u>

The parties have entered into Joint Stipulations which provide in pertinent part as follows:

    4.   On June 18, 2001 George Potter, Jr. and Pamela Potter

1

       ("Debtors") executed a mortgage (the "Mortgage") in favor of First Vantage Bank/Tri-Cities on real property . . . . The Mortgage was filed on June 22, 2001 in Mortgage Book 185, Page 351 in the office of the Letcher County Clerk.

5. The real property (the "Property") described in the Mortgage is owned by the Debtors, and became property of their Estate upon the filing of their bankruptcy petition.

6. BB&T is the successor in interest to First Vantage Bank/Tri-Cities pursuant to a merger which occurred in October, 2003.

7. The stated consideration for the Mortgage is a loan to the Debtors in the amount of Sixty-one Thousand, Four Hundred and Five and 94/100 ($61,405.94) Dollars. On June 18, 2001 the Debtors executed a Deed of Trust Note (the "Note") in favor of First Vantage Bank/Tri-Cities . . . .

8. The Mortgage fails to state a maturity date for the Note from the Debtors.

9. Kentucky Revised Statutes § 382.220 provides, *inter alia*, that a county clerk shall not record a mortgage without a maturity date.

10. The Debtors filed for bankruptcy relief on April 19, 2007 (the "Petition Date").

11. On September 11, 2007, BB&T caused an Affidavit of Amendment to Mortgage (the "Affidavit of Amendment") to be recorded in Mortgage Book 185, Page 351 of the Letcher County Clerk's Office. . . . Said affidavit was filed pursuant to KRS 382.297.

The Trustee filed her Complaint to Avoid Mortgage Lien ("the Complaint") on October 30, 2007, asserting her rights under Bankruptcy Code section 544(a), the so-called "strong arm statute," and alleging that the Mortgage was invalid against a judicial lien creditor or bona fide purchaser. The Trustee also alleges that the filing of the Affidavit of Amendment was a post-petition transfer pursuant to Code section 549. In addition to avoidance of the Mortgage, the Complaint

also seeks preservation and recovery of any transfer pursuant to Code sections 550 and 551, and disallowance of BB&T's claim pursuant to Code section 502(d).

The Trustee and BB&T filed their Motions for Summary Judgment on January 31, 2008, and each filed a Response to the other's Motion on February 8, 2008.  The matter came on for hearing on February 14, 2008, and was taken under consideration for decision.

2.  Discussion

a.  The summary judgment standard

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law."  The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact.
>   As to materiality, the substantive law will identify which facts are material.  Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time

3

> for discovery and upon motion, against a party
> who fails to make a showing sufficient to
> establish the existence of an element essential
> to that party's case, on which that party will
> bear the burden of proof at trial.  In such a
> situation, there can be 'no genuine issue as to
> any material fact,' since a complete failure of
> proof concerning an essential element of the
> nonmoving party's case necessarily renders all
> other facts immaterial.

The Sixth Circuit has opined that "[r]ead together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

   b.   <u>Avoidability of the Mortgage</u>

On the date the Debtors filed their bankruptcy petition, the Trustee acquired the status of a bona fide purchaser pursuant to the avoiding powers found in Bankruptcy Code section 544(a)(3), which provides:

> (a) The trustee shall have, as of the commencement of the
> case, and without regard to any knowledge of the trustee or
> of any creditor, the rights and powers of, or may avoid any
> transfer of property of the debtor or any obligation
> incurred by the debtor that is voidable by--
> . . . .
>    (3) a bona fide purchaser of real property, other than
> fixtures, from the debtor, against whom applicable law
> permits such transfer to be perfected, that obtains the
> status of a bona fide purchaser and has perfected such
> transfer at the time of the commencement of the case,
> whether or not such purchaser exists.

11 U.S.C. § 544(a)(3).

The parties have stipulated that the Mortgage does not state the maturity date of the obligation it secures.  Section 382.220 of the Kentucky Revised Statutes provides in pertinent part: "No county clerk shall record a . . . . mortgage covering real property by which the

4

payment of any indebtedness is secured unless the . . . . mortgage states the date and the maturity of the obligations thereby secured which have already been issued or which are to be issued forthwith." KRS 382.330.  The Mortgage contains no information regarding the due date of the Note, and as a matter of law does not comply with the requirements of KRS 382.330.  The Letcher County Clerk should not have recorded the Mortgage.  *See Trio Realty Co. v. Queenan*, 360 S.W.2d 747, Ky. (1962).  An improperly recorded mortgage does not provide actual or constructive notice to a trustee, and the rights of the Trustee herein as a bona fide purchaser prevail over any rights BB&T may have under the Mortgage.  *Rogan v. America's Wholesale Lender (In re Vance)*, 99 Fed. Appx. 25, 27 (6th Cir. 2004).

    b.    <u>The effect of the Affidavit of Amendment</u>

BB&T correctly concedes that the Trustee prevails under the scenario set out above.  It contends, however, that its filing of the Affidavit of Amendment cured the flaw in the Mortgage and rendered it recordable.  BB&T cites Section 382.297 of the Kentucky Revised Statutes which provides:

> A recorded mortgage may be amended by an affidavit of amendment prepared by an attorney to correct clerical errors of omitted information.  An amendment may not change any term, dollar amount, or interest rate in the mortgage, unless signed by the mortgagor and secured party.  The attorney preparing the affidavit shall certify in the affidavit that notice of filing of the amendment has been given to the mortgagor by filing a copy of the amendment to the mortgagor at the address shown on the original mortgage.  A subsequent release of the mortgage releases any amendment to the original mortgage.

KRS 382.297.  BB&T contends that this provision allows an affidavit of amendment to relate back to the filing of the mortgage, and evidences an intention on the part of the Kentucky legislature to allow

5

improperly filed mortgages to remain filed with the missing information "simply added." BB&T further contends that the Kentucky legislature enacted this statute and its "companion" statute, KRS 382.270, to prevent losses due to clerical errors to mortgage lenders whose mortgagors file bankruptcy.

As the Trustee points out, KRS 382.270 was an existing statute which was amended to deal with defective acknowledgments of real estate instruments. KRS 382.297 is a new statute with nothing in its legislative history to indicate that it was intended to allow an affidavit of amendment to relate back to the date a mortgage was improperly filed. There is certainly no legislative language that provides for such a result; there is no reference to a specific purpose for permitting the corrections it authorizes. Further, there is no indication that this statute was created, as BB&T asserts, to protect the interests of creditors in bankruptcy after an improperly filed mortgage is discovered. This is pure conjecture on BB&T's part.

   c.   <u>The filing of the Affidavit of Amendment as a violation of the automatic stay</u>

The parties have stipulated that the Affidavit of Amendment was recorded after the Debtors filed their petition. Bankruptcy Code section 362(a)(4) provides that the filing of a petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). In addition, the record in the within case shows that BB&T did not seek relief from the automatic stay. The Mortgage as originally filed was unperfected as to a bona fide purchaser or judgment lien creditor. The Trustee contends, and this court agrees, that the recording of the Affidavit

of Amendment to add a maturity date pursuant to KRS 382.297 was clearly an act to create or perfect a mortgage.  Pursuant to section 362(a)(4), any act to perfect a security interest is a violation of the automatic stay.  An act in violation of the automatic stay is voidable, and any such action is invalid and of no effect, unless and until such action is made valid by a subsequent judicial action annulling the automatic stay.  *In re Abusad*, 309 B.R. 895, 899 (Bankr. N.D. Tex. 2004).

In view of all of the foregoing it is the opinion of this court that the Trustee has carried her burden of demonstrating that she is entitled to judgment as a matter of law that she may avoid BB&T's Mortgage.  A judgment in favor of the Trustee will be entered separately.

Copies to:

Dean A. Langdon, Esq.
Christopher A. Conley, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Wednesday, March 05, 2008
(wsh)**